DANIEL BOHANNAN v. JOSEPH HEMBY AND WIFE.

A survey, which commences in one land district, and runs into another, for quantity, is valid.

It is, in such cases, the duty of the party, to have his field-notes recorded in both districts; but this is, to give notice that the land is appropriated, and that the commissioner of the General Land Office, may ascertain if there is a conflict with other surveys.

The failure to record the field-notes, in the district into which the survey runs, if, in other respects, due diligence be used to procure a patent, will not invalidate it, in favor of a party who has located on the land, with notice of its previous appropriation.

APPEAL from Hunt. Tried below before the Hon. William S. Todd.

This was an action of trespass to try title, commenced on the 18th of March, 1856, in Hopkins county, by Joseph Hemby and Elizabeth his wife, (formerly Elizabeth Robertson,) against Daniel Bohannan, for 640 acres of land. The venue was changed to Hunt county.

It appeared, that in 1845, the plaintiffs, by virtue of the head-right certificate of the said Elizabeth, procured the land described in their petition, to be surveyed, by the surveyor of Red River land district. The survey commenced in the said district, but ran, for complement, into Lamar district, in which most of the tract was situate; the field-notes were properly recorded in Red River district, and returned to the General Land Office, on the 13th June, 1848, without, however, having been recorded in Lamar district. They remained, it seemed, in the General Land Office, until July 7th, 1856, after the commencement of this suit, when they were withdrawn, and recorded in Hopkins county; which then embraced that part of Lamar district, in which the land was situate. A patent was issued for the land, on the 11th of July, 1857, which was set out in an amended petition, filed February 24th, 1858.

The defendant claimed 160 acres of the land, included in that

part of the survey made for the plaintiffs, situate in Lamar district, under a survey of the same, made for him on the 4th September, 1855, as a pre-emption settler.

The testimony, upon the trial, showed that the defendant settled in 1854—probably in January of that year—upon the land included in his pre-emption survey, and that he had resided on it subsequently to that time. But the plaintiffs proved, that they had, by their agent, at or about the time of his settlement on the land, given him notice of their survey; and it appeared also, that he was fully informed, as to the facts, by both the district and deputy surveyors, of Red River land district, previously to the survey under which he claimed the land.

*Johnson & Towns*, for the appellant.

*B. W. Gray*, for the appellees.

BELL, J.—We are of opinion, that there is no error in the judgment of the court below. The evidence shows most satisfactorily, that the land in controversy was surveyed for the appellee, Elizabeth Hemby, then Elizabeth Robertson, upon a genuine certificate, in the year 1845. The fact, that the survey commenced in Red River land district, and crossed the line between that district and Lamar land district, running into the last named district for quantity, did not invalidate the survey. (Hart. Dig., Art. 1806, 2168.) The Act of May 9th, 1846, authorized and required the commissioner of the land office to issue patents in all cases, upon surveys of land lying in two or more counties, where there was no conflict between such surveys and others, and where there was no other objection than that of a division of such surveys, by a county boundary running through them. (Hart. Dig., Art. 2168.)

In such cases, it was the duty of the interested party, to have the field notes of his survey recorded in both land districts, so as to give notice that the land was appropriated, and so as to inform the commissioner of the land office that the survey did

not conflict with other surveys.   In this case, the field notes of the survey were not recorded in the county of Hopkins, which had been formed out of that portion of Lamar land district, in which a portion of the land was situated, until the month of July, 1856.   If, before the field-notes of this survey were recorded in Hopkins county, a survey had been made by the county surveyor of that county, in good faith, and for a party who had no notice of the former survey, we do not doubt that the right of the last locator would prevail over the claim of the former.   But, in the present case, it is shown, that the pre-emption claimant had full and particular information of the rights of Mrs. Hemby, long before his survey was made; and it is further shown, that he settled on the land about the month of January, 1854; probably at a time when no pre-emption statute was in force.   The record also discloses the fact, that the survey of the pre-emption claimant was filed in the land office at the time the patent issued to Mrs. Elizabeth Robertson, now Mrs. Hemby.   The claim of Mrs. Hemby to the land, embraced within the survey of the appellant, was not only known to him before his survey was made, but the witness, Merchant, testifies that the appellees were living on the land in the month of September, 1855, on the fourth day of which month, the appellant caused his survey to be made.   The record shows, also, that the claim of Mrs. Hemby to the land in controversy, was never at any time abandoned, but that, on the contrary, she was endeavoring, through her agent, to comply with all the requirements of the law, in order to secure a patent to the land.   It is shown, that the appellant knew, and stated to others, that Mrs. Hemby claimed the land, at the time he caused his survey to be made.   By the issuance of the patent, Mrs. Hemby is vested with the legal title to the land, and we think her equities altogether superior to any that can be asserted by the appellant.   The judgment of the court below is, therefore, affirmed.

Judgment affirmed.